Samantha C. Grant (SBN 198130)
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299
Email: sgrant@reedsmith.com

Jeffrey Elkrief (SBN 321030)
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: jelkrief@reedsmith.com

Attorneys for Defendant
SIEMENS MOBILITY, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO CARRILLO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 100, inclusive. | Case No. 24-202<br><br>[Superior Court of California, Sacramento County Case No. 24CV000901]<br><br>**DEFENDANT SIEMENS MOBILITY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>[*Filed Concurrently With (1) Declaration of Tami Wolownik; (2) Declaration of Jeffrey Elkrief; (3) Civil Case Cover Sheet; (4) Corporate Disclosure Statement; and (5) Notice of Related Cases*]<br><br>Complaint Filed: January 19, 2024 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ROGELIO CARRILLO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SIEMENS MOBILITY, INC. ("Defendant" or "Siemens") hereby removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California. Defendant removes this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005), 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION UNDER CAFA

1.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. §§ 1332 to provide that a putative class action is removable to federal court if the proposed class members number at least 100; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.     On or about January 19, 2024, Plaintiff Rogelio Carrillo ("Plaintiff") filed a Complaint (the "Complaint") in the Superior Court of the State of California in and for the County of Sacramento, entitled *Rogelio Carrillo on behalf of himself and all others similarly situated v. Siemens Mobility, Inc..,* Case Number 24CV000901 (the "State Court Action.").

3.     The Complaint is a purported class action alleging the following causes of action: (1) failure to pay all regular wages; (2) failure to pay overtime wages; (3) failure to provide meal periods (Lab. Code §§226.7, 512); (4) failure to provide rest periods; (5) failure to adopt a compliant sick pay policy; (6) failure to provide itemized wage

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

statements; (7) failure to pay all wages due at termination; (8) failure to reimburse reasonable expenses; and (9) violation of unfair competition law (Bus. & Prof. Code, § 17200, *et seq.*).

4.      A copy of the Summons and Complaint was served on Defendant on January 23, 2024. Declaration of Tami Wolownik ("Wolownik Decl.") ¶ 5; Declaration of Jeffrey Elkrief ("Elkrief Decl.") ¶ 2, Exh. 1.

5.      Defendant filed an Answer to Plaintiff's Complaint on February 7, 2024. Elkrief Decl. ¶ 3, Exh. 2.

6.      To Siemens's knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint. Defendants Does 1-100 are presently unnamed and unknown and, therefore, have not been served with the Complaint. Complaint ("Compl."), ¶ 14.

7.      A Notice of Case Assignment and Case Management Conference was issued in the State Court Action. Elkrief Decl. ¶ 4, Ex. 3. Exhibits 1 through 3 constitute all process, pleadings, and orders in the State Court Action within the meaning of 28 U.S.C. § 1446(a).  Elkrief Decl. ¶ 5.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.      Section 4 of CAFA sets forth the general rule that [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).

9.      Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more.  *See* 28 U.S.C. § 1332(d)(5).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10.     The State Court Action is a civil action over which this Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

11.     Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b), 1441, and 1446(a).  The State Court Action was originally brought in the Sacramento County Superior Court, which is located within the Eastern District of California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

12.     Siemens is the only defendant that has been named and served in this matter.  Therefore, all defendants that have been named and served join in the removal.

13.     Plaintiff brought this action on behalf of himself and a putative class pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action.  Compl., ¶1.  Plaintiff seeks to represent a class, which he defines as: "All individuals who are employed or have been employed by Defendant and/or DOES in the State of California as hourly, non-exempt employees at any time during the period of the relevant statute of limitations ('Class Members')." Compl. ¶ 35. Plaintiff also seeks to represent eleven subclasses which he defines as: (1) "All Class Members who worked one (1) or more shifts in excess of five (5) hours; (2) All Class Members who worked one [] or more shifts in excess of six [] hours; (3) All Class Members who worked one [] or more shifts in excess of ten [] hours;  (4) All Class Members who worked one [] or more shifts in excess of twelve [] hours; (5) All Class Members who worked one [] or more shifts in excess of two [] hours; (6) All Class Members who worked one [] or more shifts in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

excess of three and one-half [] hours, but less than or equal to six [] hours; (7) All Class Members who worked one [] or more shifts in excess of six [] hours, but less than or equal to ten [] hours; (8) All Class Members who worked one [] or more shifts in excess of ten [] hours[1]; (9) All Class Members who worked one [] or more shifts in which they received a wage statement for the corresponding pay period; (10) All Class Members who were not permitted to use sick pay and/or paid time off; (11) All Class Members who separated their employment from Defendants; and (12) All Class Members who incurred business expenses and were not reimbursed. Compl. ¶ 35.

### The Purported Class Contains At Least 100 Members

10.    In the Complaint, Plaintiff alleges that "While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that during the liability period, there were "over one hundred (100) Class members employed by Defendants in Sacramento County…". Compl., ¶ 38.

11.    The aggregate number of hourly non-exempt employees employed between January 19, 2020 and February 14, 2024 is approximately 3,205. Wolownik Decl., ¶ 3a.  Therefore, there are well over 100 Putative Class Members.

### There Is Diversity of Citizenship Between
### At Least One Proposed Class Member And One Defendant

12.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A); 1453(b).   Plaintiff Rogelio Carillo is a citizen of California and Defendant is a citizen of New York and Delaware.  Wolownik Decl. ¶ 5. As such, minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

13.    **Plaintiff's Citizenship.**  For diversity purposes, a person is a "citizen" of the state in which they are domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

---

[1] This subclass appears to be duplicative of subclass number 3 defined by Plaintiff

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1088 (9th Cir. 1983).   A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986).

14.     Allegations on information and belief as to citizenship are sufficient to support removal.  *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief.").  Defendant is informed and believes that Plaintiff is, at the time of filing this Notice of Removal, and was, at the time of filing the Complaint in the State Court Action, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a). Wolownik Decl. ¶ 4.

15.     **Defendant's Citizenship**[2].  For purposes of determining citizenship under CAFA, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "Principal place of business means the corporate headquarters where a corporation's high level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2000).  A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters." *Id.* at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed. *See, e.g.*,

---

[2] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants" to be citizens of the state in which the action is filed.  28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D. Cal. Cal. Dec. 20, 2007).  Here, Defendant is not a citizen of California and thus the "home state" exception does not apply. Similarly, CAFA's "local controversy" exception is not applicable because Defendant is not a citizen of California and thus all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.

*Tomblin v. XLNT Veterinary Care, Inc.*, 2010 WL 2757311, at *9–10, Case No. 09cv1940 BTM (JMA) (S.D. Cal. July 12, 2010).

16.    Defendant is now, and was at the time this action was commenced, a citizen of the states of New York and Delaware within the meaning of 28 U.S.C. § 1332. Wolownik Decl. ¶¶ 5-6.  Defendant is citizen of Delaware because it is a corporation organized and existing under the laws of the state of Delaware. *Id*., ¶ 5.  Siemens is a citizen of New York because its headquarters and principal place of business is located in New York. *Id*. The principal place of business is New York because that is where the company's headquarters is located and where the company's core executive and administrative functions are carried out, including communications, public relations, marketing, strategy, diversity, legal, quality and project excellence, sales, maintenance of corporate records, and high level finance, accounting, and accounting functions. *Id*.

17.    **Doe Defendants.**  Plaintiff has also named as Defendants Does 1 through 100. *See generally* Compl.  For purposes of removal based on diversity, "the citizenship of Defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b); *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed Defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).  The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction.  *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

<u>**The Alleged Amount In Controversy Exceeds $5,000,000**</u>

18.    Under CAFA, the articulated claims of all class members are aggregated to determine whether the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).  Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g*., damages, injunctive relief, or declaratory relief)."  S. Rep. No. 109-14 at 42

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(2005), 2005 U.S.C.C.A.N. 3, 40-42. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43. ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")

19.    The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). The District Court considers the allegations of the Complaint, the contents of the removal petition and evidence, such as declarations, in order to determine whether the jurisdictional amount in controversy is met. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal citations omitted). Accordingly, Defendant may establish the amount in controversy by referencing Plaintiff's allegations and/or by setting forth facts in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum. Indeed, the ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe following a trial, if any. *Rippee v. Bostom Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

20.    Without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of California law, the statute of limitations

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

period embraced by the claims, and the class definition alleged in the State Court Action, the aggregate amount in controversy in the case exceeds $5,000,000 for purposes of removal based on the following:

21. For purposes of determining the aggregate amount in controversy, the putative class includes 3,205 Putative Class Members who were employed by Defendant during the Class Period up through February 14, 2024. Wolownik Decl., ¶ 3a.

22. The below calculations are conservatively based on the lowest applicable wage paid by Defendant to its non-exempt employees in California during the timeframe from January 19, 2020 through February 14, 2024, which was $17.00 per hour. Wolowknik Decl., ¶ 3b.

23. **Failure to Provide Meal Period Claim.** The Complaint alleges that Defendant failed to compensate Plaintiff and the Putative Class Members for meal periods that they were allegedly denied. *See* Complaint ¶¶ 8, 11. Specifically, Plaintiff alleges that Defendant "…fail[ed] to provide full thirty (30) minute meal periods to Plaintiff and the Putative Class Members no later than the fifth hour of work [and also] fail[ed] to provide employees with duty-free meal periods [because they would] call and/or text Plaintiff and the Putative Class Members during their shifts, including during their meal period time." *Id.* at ¶¶ 81 and 83. Moreover, Plaintiff alleges that Defendant instituted a consistent policy/practice of not providing second meal periods to Plaintiff and all Putative Class Members and/or providing compensation in lieu thereof. Specifically, Plaintiff alleges that he and the Putative Class Members were required to work shifts over ten (10) hours long but never received second meal periods. *Id.* at ¶85. Plaintiff seeks unpaid penalties and reasonable attorney's fees and costs of suit in connection with this meal period claim. Compl, ¶ 88. Pursuant to the Labor Code, "[i]f an employer fails to provide an employee a meal period or rest period ... the employer shall pay the employee one additional hour of pay at the employee's regular

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

rate of compensation for each workday that the meal or rest period is not provided." Cal. Lab. Code§ 226.7. A four-year statute of limitations arguably applies to meal period claims enforced under the California Unfair Competition Law and Plaintiff has alleged his meal period claims under said law. *See Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th 1094, 1114 (2007); *see* Cal. Bus. & Prof. Code§ 17208.

31.    The lowest hourly rate from January 19, 2020 to February 14, 2024 was $17.00, and there were approximately 3,205 non-exempt employees employed during that time period.  Since Plaintiff alleges two distinct types of meal period violations per employee, assuming very conservatively for purposes of the Removal that Defendant is liable for just two meal period penalties to each Putative Class Member under Plaintiff's alleged theory, Defendant could be liable for **$108,970** in premium wages under Labor Code Section 226.7 for missed meal periods [($17.00 (lowest hourly rate) x 2 (number of presumed violations) x 3,205 (number of Putative Class Members)].

36.    **Waiting Time Penalties Claim.**  Plaintiff seeks penalties under California Labor Code section 203 for Defendant's alleged failure to pay wages upon termination. As set forth in the Complaint, Plaintiff alleges that "[a]s a consequence of Defendant's … willful conduct in not paying wages owed at the time of separation from employment, Plaintiff and the Putative Class Members are entitled to thirty (30) days' of wages as a penalty under California Labor Code section 203, together with interest thereon and attorneys' fees and costs."  Compl., ¶ 145.  As such, Plaintiff alleges that Defendant is liable to Plaintiff and the subclass waiting time penalties amounting to thirty (30) days wages for Plaintiff and the subclass pursuant to Labor Code § 203.  *Id.* The statute of limitations for waiting time penalties under Labor Code § 203 is three years. *See Pineda v. Bank of America*, N.A., 50 Cal.4th 1389, 1401 (2010).

37.    There were approximately 1,312 Putative Class Members whose employment ended between January 19, 2021 and February 14, 2024. Wolownik Decl., ¶ 3a.  Based on the allegations in the Complaint, these 1,312 individuals seek payment

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of 30 days of waiting time penalties, interest, attorneys' fees and costs of suit. Compl., ¶ 145. Further, based upon the lowest applicable wage rate of $17.00 in 2021, thirty days of pay for 1,312 individuals under Plaintiff's theory amounts to **$5,352,960** [($17.00 x 8 hrs. x 30 days) x 1,312 Putative Class Members].

38. Therefore, simply taking two of the claims at issue in this lawsuit and applying only fractional estimates of purported liability based upon the allegations in the Complaint, the **amount in controversy of the damages is at least $5,461,930**.

39. Moreover, Plaintiff is seeking attorneys' fees. *See* Compl., Prayer for Relief. Attorneys' fees awards can properly be included in calculating the amount in controversy, and such awards are commonly in the 25% to 33% range of an award to the class. *See Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy). Conservatively using 25% for the calculation and basing it on the conversative damages amount in controversy of $5,461,930, the **attorneys' fees sought would be at least $1,365,483**.

40. As such, the **conservative amount in controversy is $6,827,413** and CAFA jurisdiction has been established, even based on a small portion of the claims at issue.

## Timeliness Of Removal

41. This Notice of Removal was filed with the Clerk of the United States District Court within 30 days after service of the Complaint upon Defendant and within one year of the initiation of the State Court Action. Therefore, this Notice is timely under 28 U.S.C. § 1446(b). *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WHEREFORE, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Sacrament to the United States District Court for the Eastern District of California.

DATED:  February 21, 2024          REED SMITH LLP


By: */s/ Jeffrey N. Elkrief*
    Samantha C. Grant
    Jeffrey N. Elkrief
    Attorneys for Defendant
    SIEMENS MOBILITY, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware